

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Martin McWilliams, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 06 C 3060 |
| v. | ) | Judge Coar |
| Michelle McWilliams, et al., | ) | Magistrate Judge Cole |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Justice Stevens, in a recent bar association speech, has equated a dissenting judge addressing bar associations with petitions for rehearing. Each, he said, serves the same therapeutic purpose: "as a substitute for more aggressive forms of civil disobedience, [they are] a futile but nonviolent form of protest that seldom does any harm."

For a variety of psychological reasons and sound institutional considerations, there is a natural tendency for judges to view motions for reconsideration with a measure of skepticism. Indeed, everyone knows the hoary maxim that motions for reconsideration are viewed unfavorably. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990); *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D.Ill. 1988)(Shadur, J.). But, judges are not omniscient, and even the most gifted make mistakes. *See, e.g., Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992); *Marek v. Chesny*, 473 U.S. 1 (1985)(Rehnquist, J., concurring); *Tome v. United States*, 513 U.S. 150, 167 (1995)(Scalia, J., concurring in part and concurring in the judgment). The Seventh Circuit has said that "in any given opinion, [a court] can misapprehend the facts...or even overlook important facts or controlling law." *Olympia Equipments v. Western Union*,

1

802 F.2d 217, 219 (7th Cir.1986). Thus, motions for reconsideration can serve a valuable function by helping, under appropriate circumstances, to ensure judicial accuracy.

The plaintiff has moved for reconsideration of the recent denial of his motion to require a second deposition of Dawn Gorman Kennedy. The motion, he says, is necessitated by a third version of the tape recording of the plaintiff's allegedly threatening phone conversation with his wife that was played for him on November 8, 2006. How this recording differs from other copies (the exact number of which continues to be in dispute) or to the original in the possession of the Orland Park Police Department – criminal proceedings based on the call are ongoing – has never been explained. The question of the chain of custody of the original recording made by a digital recorder was explored (or at least should have been) in Ms. Kennedy's first deposition. If it was not, that is not a basis for the present motion:

> In every deposition, choices have to be made about the subject matter to be covered. The 7-hour rule necessitates, especially in complex cases, that almost all depositions will be under-inclusive. The examiner therefore, must be selective and carefully decide how to apportion her time. [FN3] If, as we are now told, the notes were so critical to the case, then other areas of inquiry had to be subordinated to having Mr. Ross interpret his notes--or at least a sampling of them as the plaintiffs now say they will be satisfied with if they are allowed to resume the deposition.
>
> > FN3. The decision of what to ask at a deposition is no different than the decision of what to include in a brief in a court of appeals or the Supreme Court. There, one is limited by word count, making it impossible to include every argument one desires and to say as much about each argument at one perhaps would like. The content of a deposition is constrained by temporal limitations, but they are no less constricting.

*In re Sulfuric Acid Antitrust Litigation*, 230 F.R.D. 527, 532 (N.D.Ill. 2005). In short, there is nothing in the motion for reconsideration that counsels that it be granted.

The defendants' response to the motion for reconsideration contains a series of factual

2

representations that seek to cast doubt on the ultimate merit of the motion. However, unsupported statements, whether in oral argument or in briefs do not count. *See Autotech Technologies L.P. v. Automationdirect.Com, Inc.*, 235 F.R.D. 435, 440, n.9 (N.D.Ill. 2006)(collecting cases). This is not to say that the defendants' representations are not accurate or in any way to cast doubt on the veracity of the author of the response. The factual statements may well be true–indeed it is inconceivable they are not-- although it is almost a certainty given the inability of the plaintiff and the defendants to agree on almost any factual issue so far, that the plaintiff's counsel would not take issue with the representations in the response. Rather, the point is simply to stress that I am not deciding the motion by what would necessarily be an arbitrary selection among competing, unsworn versions of historical events.

It would appear that one of the salient questions in this case – and the one that has precipitated most of the conflict thus far – is what was said during the phone conversation between the defendant and his wife. The defendants contend that the contents of that call were recorded on a digital recorder, which is in the possession of the Orland Park Police Department. Ms. McWilliams, or anyone who overheard the conversation is an appropriate witness to what was said. *Hoffa v. United States*, 385 U.S. 293, 303 (1966). But the "best evidence" – and I use the term colloquially – is the original recording. *See Lopez v. United States*, 373 U.S. 427, 439 (1963). That will require, of course, that the defendants prove the appropriate chain of custody of the recorder. *Cf.* Rules 901, 1002-1004, Federal Rules of Evidence.

To that end, I have ordered the Orland Park Police Department to make that recorder available for listening and inspection to the plaintiff's counsel, who is free to make a transcript of the recording. I have also ordered the Chief of Police to sit for a deposition, which will include

procedures for maintenance of evidence. It is the original, not copies which ought to be the focus of concern.

This is not to say that spoliation of copies of the recording, if it could be proven, would not be relevant. It probably would, for arguably, it could cast doubt on the authenticity of the original, for why would anyone fool with copies and leave the original intact. The doctrine of spoliation is one of the most enduring principles of common law. In essence, it provides that when a litigant, has destroyed, fabricated, or suppressed evidence, the trier of fact may draw an inference that the spoliator believes his case is weak or unfounded. The principle has best been described by Dean Wigmore:

> It has always been understood--the inference, indeed, is one of the simplest in human experience--that a party's falsehood or other fraud in the preparation and presentation of his cause, his fabrication or suppression of evidence by bribery or spoliation, and all similar conduct is receivable against him as an indication of his consciousness that this case is a weak or unfounded one; and from that consciousness may be inferred the fact itself of the cause's lack of truth and merit. The inference thus does not necessarily apply to any specific fact in the cause, but operates, indefinitely though strongly, against the whole mass of alleged facts constituting his cause.

2 Wigmore, Evidence §278 at 133 (3d Ed. 1940). *See also*, Maguire & Vincent, *Admissions Implied From Spoliation or Related Conduct*, 45 Yale L.J. 226 (1935).

But these are questions for another time, and if the defendants' version of things is accurate, they will have no role to play at any trial. For now, it is enough that the present motion for reconsideration does not satisfy the criteria for the granting of such a motion. Accordingly, the motion for reconsideration [153] is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 11/15/06

4