

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN McWILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 06 C 3060 |
| | ) | |
| | ) | Judge Coar |
| MICHELLE McWILLIAMS, et al., | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The defendant, Dawn Gorman-Kenny, has moved "to bar evidence of alleged evidence tampering" as a sanction under Rule 37, Federal Rules of Civil Procedure, for purported noncompliance with discovery requests. The motion cites no cases, and does not even discuss the provisions of Rule 37, let alone the considerations that factor into the discretionary decision to bar testimony under the Rule. This sort of abbreviated presentation is not acceptable. *See Kyles v. J.K. Guardian Security Services*, 236 F.R.D. 400 (N.D.Ill. 2006). What was said there applies equally here:

> I have concluded that the briefs on both sides are insufficient to enable me to [make an informed recommendation to Judge Conlon]. The defendant's motion to vacate could scarcely be more laconic or unhelpful. It contains twelve lines in four numbered paragraphs and cites one case, *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 945 (7th Cir.1999), without any explanation, other then it is an intervening decision of the Court of Appeals. What specific principles are to be drawn from Judge Posner's decision and how they are to be applied to the 1998 order is not even superficially discussed. Indeed, it is uncertain whether the principle to be drawn from *Cincinnati Insurance* is that since "nearly eight (6)[sic] years" have passed since Judge Conlon entered the protective order, the order must be vacated, or whether the passage of time is a separate, self-sustaining basis for vacation under that case.

* * *

The plaintiff's response brief was no more informative than the defendant's opening brief. It consisted of seven, short paragraphs, and it neither cited a single case in support of its claim that the passage of time is analytically irrelevant to the maintenance of a protective order nor offered any reason why a 1998 protective order should be kept in place when the case went to trial in September, 2000. Reduced to its essentials, the response brief consisted of the *ipse dixit* that the defendant was wrong, and that the motion had to be denied. But, one cannot conclude that a party's position is legally infirm because his opponent says so. *Miller v. Lehman*, 801 F.2d 492, 500 (D.C.Cir.1986) (Edwards, J. concurring).

* * *

In short, the briefs on both sides are insufficient and uninformative, and each is susceptible to the principle that skeletal, undeveloped, perfunctory or unsupported, arguments are deemed waived. *Hyman v. Hill & Associates*, 2006 WL 328260, at *4 (N.D.Ill. Feb. 9, 2006)(Conlon, J.); *Rodriguez v. United States*, 2001 WL 863581 at *3 July 13, 2001 (N.D.Ill.2001)(Conlon, J.).

* * *

Underinclusive and skeletal presentations impermissibly shift the responsibility to the court to do the lawyer's work and to explicate the arguments that the briefs have left undeveloped. Apart from the fact that such presentations sap the time of judges, forcing parties with comprehensively briefed disputes to wait in a longer queue and condemning them to receive less judicial attention when their cases finally are heard, *cf. Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir.1987), putting the onus on the court is a risky business. For it presupposes a judge who, in fact, understands the contours of the argument, and who won't resort to the rule that superficial, skeletal, and unsupported arguments will be deemed waived or forfeited. *See* n. 4, *supra*.

Judges are not like pigs hunting for truffles, *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991), and the Seventh Circuit has stressed time and again that it is not a judge's responsibility to research and construct the parties' arguments. *United States v. McLee*, 436 F.3d 751, 760 (7th Cir.2006). Indeed, to require that they do so is at odds with the fundamental premise of our adversarial system. *[citations omitted]*.

236 F.R.D. at 400-402 (footnotes omitted).

My Case Management Procedures that are available on the court's website require that "[a]ll motions shall be supported by memorandum, not to exceed 15 pages (Local Rule 7.1), containing

2

principled argument and relevant authority. Skeletal and unsupported arguments will not be considered. *See, Perry v. Sullivan*, 207 F.3d 379, 383 (7th Cir. 2000); *United States v. Cusimano*, 148 F.3d 824, 828 n. 2 (7th Cir. 1998); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)."

There is nothing novel about these principles. *See, e.g., Alexander v. City of South Bend*, 433 F.3d 550, 552 (7th Cir. 2006); *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005)); *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 848 F.2d 1415, 1418 (7th Cir. 1988); *McKevitt v. Pallasch*, 339 F.3d 530, 533 (7th Cir. 2003)(Posner, J.)

The Motion to Bar as presently drafted is denied without prejudice to its refiling with an appropriate memorandum of law that complies with the principles discussed above.

ENTERED:

_____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 12/19/06